## FINLEY METHOD CO. OF TEXAS v. KELLY et al. (No. 6615.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 9, 1921. Rehearing Denied Dec. 14, 1921.)

1. **Partnership** ⬤⟳217(3)—Evidence in a suit by two partners held to show that contract sued on was entered into with both partners, and not with one of them.

In an action by two partners in the business of building roads to recover their share of net profits, arising from work and labor performed under a government contract, in which they were partners, evidence *held* to show that defendant entered into the contract sued on with both plaintiffs, and not with one of them.

2. **Joint adventures** ⬤⟳5(2)—Plaintiffs held shown to be parties to contract for construction work.

Evidence *held* to show plaintiffs entitled to a share of the net profits in a contract for government construction work.

3. **Appeal and error** ⬤⟳1012(2) — Findings supported by material evidence not disturbed.

The trial court's findings will not be disturbed where supported by any material evidence, notwithstanding it may be insisted that an allowance of an item in an action for net profits under a contract is against the great weight and preponderance of the evidence, because it is claimed to be manifestly wrong.

4. **Appeal and error** ⬤⟳1011(1)—Findings on conflicting testimony conclusive.

The rejection of the testimony of witnesses where conflicting belongs more particularly to the trial court, hearing and seeing them testify, and his findings will not be disturbed where no disregard of duty or arbitrary disregard of testimony or error of law committed is shown.

5. **Judgment** ⬤⟳252(5)—Petition calling for general relief held to warrant allowance of item.

In an action for a share of the net proceeds realized from a construction contract with the government, an objection to an allowance to the plaintiffs for rental of machinery *held* not subject to the objection that no such relief was prayed for, where the pleadings fully stated the facts and grounds for relief, and the petition's prayer called for general and special relief.

**6. Appeal and error ⬅︎223—Objection to part of judgment may not be made first on appeal.**

Where appellants did not make or preserve in the record any objection to a part of the judgment, but obviously acquiesced therein, they cannot object for the first time on appeal, and raise the. question as fundamental error.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Suit by W. A. Kelly and another against the Finley Method Company of Texas. Judgment for the plaintiffs, and defendant appeals. Affirmed.

Kampmann, Burney & Browne, of San Antonio, and H. H. Cooper and Sam R. Merrill, both of Houston, for appellant.

Arnold & Cozby and George M. Mayer, all of San Antonio, for appellees.

COBBS, J. This suit was brought by appellees against appellant to recover $10,977.-20, alleged to be due for their share of the net profits arising from work and labor performed under a contract with the United States government in the construction for it of certain roads and streets during the years 1917 and 1918, in· which the appellees were partners. The defense was by general and special exceptions, general denial, special defenses, and pleas of payment and set-off, setting forth the several items upon which the pleading is predicated.

The case was tried by the court without a jury, resulting in a judgment in favor of appellees for principal and interest, $6,640.72. The court prepared and filed his findings of fact and conclusions of law. A statement of facts is also filed. This is very largely a fact case. The court's findings are variously challenged by the appellant as not reflecting the true issues, and claiming that a correct analysis of the facts as applied to the court's finding in many instances shows them against the preponderating testimony, but not claiming that it is without some supporting testimony.

[1] The evidence supports the court's finding that the appellants entered into a contract with appellees as alleged to assist in the performance of the work, and that they were actively engaged therein. The finding of the court complained of is:

"The plaintiffs and defendant, on or about the 25th day of June, 1917, entered into and embarked upon a joint adventure to procure a contract with the United States government to do work on a cost plus basis, and the plaintiffs and defendant entered into an agreement that, in the event a contract should be procured and brought about between the United States government and the defendant, the defendant should have all profits and fees directly arising out of the tarvia work, and that the balance of the fees and costs should be shared equally between the plaintiffs and defendant."

The appellant admits it entered into a contract with W. A. Kelly, but denies it did with Hugo Kelly. It was shown that the two Kellys, brothers, were partners, doing a contract business constructing and building roads, owning jointly the equipment used in executing the contract with appellant. It was shown that the books of appellant and appellees kept the accounts and transactions between them in the ledger as W. A. Kelly & Co. The "Company" was Hugo Kelly, whose name likewise appeared as such in the correspondence with appellant in connection with the business with said parties.

The first and second assignments are overruled.

[2] Appellant's third, fourth, and fifth assignments, and the propositions thereunder, complain of the action of the court in allowing the credit of $2,800, which was paid by the United States government for the work done in cleaning the Salado creek in connection with mosquito prevention, and work done in building a dam across the Salado for the purpose of constructing a swimming hole for the use of the soldiers at Camp Travis, because such work was not within the contemplation of the minds of the parties at the time they entered into the agreement that appellees were to participate in this work and in the profits. The contention being as to those items mentioned in above assignments and found by the court against appellant were not such items as were within the purview of the contract with the United States government in respect to which appellees could participate in and become entitled to any of the earnings thereunder.

The evidence shows that appellees were invited by appellants to join in procuring the contract with the government and to become jointly interested with them in the fruits thereof on the basis stated. They assisted in securing the contract, and turned in their road constructing outfit. The contract with the government provided substantially for changes in plans from time to time, and to require additional work, or direct the omission of work previously ordered, and that the provisions of the contract should apply to all such changes, modifications, ·and additions with the same effect as though set out or embodied at length in the original drawings and specifications.

The testimony is undisputed that all the work performed with the government was done under this contract, and no other, and that all payments were made for work done and performed under the terms of this contract, and no other. Indeed appellants must have realized that it was so, and that appellees were therein interested under the terms of their agreement with appellees, for the

reason that it was discussed by the officers of the government as to an abrogation of that contract respecting the dam work in the Salado, and in lieu thereof for that work make a new one; but the government decided it was not necessary to do so, as the existing contract was ample enough to take care of extra work under the old contract.

We will dispose of all such questions by holding, under the facts introduced in evidence, and the terms of the contract itself, in all work required to be done for the government thereunder the appellees were entitled to participate, and necessarily appellees were privies to and hence parties to the contract between appellant and the government, and interested in the fruits thereof, in the proportions fixed by their undertaking. It is not necessary to extend the terms of the verbal contract to include matters not within the contemplation of the minds of the parties, for here the agreement was definitely made with the appellees that they were to become interested in the government contract when it was procured. One of the requirements was that appellees should assist in its procurement. Appellees performed all the terms of the verbal agreement, and their rights became fixed in the government contract with appellant, and they were bound by the terms thereof.

These assignments are overruled.

[3] We will not disturb the findings of the trial court where there is any material evidence to support his findings, notwithstanding it may be insisted that the item of $28,941.72 total fees allowed under the contract is against the great weight and preponderance of the evidence, because it is claimed to be manifestly wrong, nor hold that the $1,452.92 item for work done at Camp Bullis was not included in the terms of the contract between appellant and appellees, but constituted a separate work done by appellants for the government, for, on the contrary, an examination of the statement of facts convinces us there is ample testimony to support the court's findings, for the reasons hereinbefore given, that this work done for the government was in the contemplation of the minds of the parties, and was controlled by the terms of the contract itself. The complaint made against the allowance of one-half of the item of $1,452.92 fees, aggregating that sum paid by the government is not sustained, because it comes under the contract with the government, and is supported by the testimony.

There does not seem to be any specific finding allowing appellees one-half fees for work done at Camp Bullis. But the court found amount of total fees to be shared equally amounted to $15,107.44, including the item of $2,800, which the court found should be shared equally.

The evidence showed that appellees performed work on the Camp Bullis job, and that it was performed under the government contract. Mr. Pearson said the government refused to make a new contract, and the work was wholly done on the original one. Assignments 6, 7, and 8 are overruled.

The ninth assignment complains that the court erred in finding and allowing for expenses, interest, and overhead amounts to the sum of $20,860.06, because it is so against the great weight of evidence as to be manifestly wrong.

The main complaint in this assignment, which is raised in the tenth and eleventh, seems to be that the error consists in the refusal of the court to allow a part of the general manager's time during said year, the sum of $3,000, and the sum expended by him, approximating $2,300, at least one-half expended by him in carrying on this work, should be charged against appellees, that is, deducted from the gross fees paid appellant, the proportionate part of the general manager's fees and expenses not refunded by the government.

The court took into consideration, in arriving at the fees received by appellant to be shared, general overhead expenses of appellant, amounting to $2,348.22, and interest paid by appellant in financing the work, $2,570.03.

Mr. Pearson's own testimony shows that he was not constantly on the work, approximately not more than a third of his time, and part of the time out of the state.

"During the time I was here I stopped at the St. Anthony Hotel, and the Finley Method Company paid all of my hotel and traveling expenses."

He was paid a salary by the Finley Method Company of $3,000, whose headquarters were in Houston, Tex. He was not the active superintendent at Camp Travis; another was. He did not show what part of the claimed sum of $2,300 was expended in connection with this contract. The work under this contract was but a small part of the work carried on by the Finley Method Company during the performance of this contract. From July, 1917, to July, 1918, it had contracts and was performing work for his company, of which he was president and directing, and in most of which appellees had no interest, to wit, at Kelly Field, in North Texas, near San Angelo, Wichita Falls, Denver, Colorado, Houston, Texas, Corpus Christi, and on the Fredericksburg road round San Antonio. He stated he allowed no compensation to Kelly for his time, and that was the fact, for Kelly got no allowance. We will not disturb the findings of the court for the reasons assigned for error, as they are supported by the testimony; hence this assignment is overruled.

[4] The twelfth and thirteenth assignments complain of the thirteenth finding of fact made by the court—that neither appellees

nor W. A. Kelly are indebted to appellants in the sum of $2,802.18 growing out of a claim for work done in Colorado by the Finley Method Company of Colorado, a partnership composed of W. A. Kelly and C. G. Shulz, which by an alleged agreement said Finley Method Company of Colorado was to be credited with said amount, and W. A. Kelly was charged with a like amount in appellant's contract with appellee. The error alleged ·in the finding is that it was so against the great weight and preponderance of the evidence as to be manifesty wrong.

The testimony on this issue was perhaps as sharply contested as any other in the entire case. There was testimony pro and con. The facts were as sharply denied and controverted as they were asserted. It would serve no useful purpose to quote therefrom, because the testimony is both ways. In fact, there is no contention in the assignments that there were no facts to support the finding, but that the preponderance was in favor of appellant's contention. Whether the facts preponderated more on one side than the other, for that reason the findings of the court would not be disturbed if there were sufficient material facts to support the judgment. The province of hearing the testimony and the advantage of seeing the witnesses who testify, and observing their manner and weighing their testimony, even though rejecting the testimony of witnesses, belongs more peculiarly to trial courts. There is nothing shown here of a disregard of duty on the part of the court, or of an arbitrary disregard of testimony, or any error of law committed. The testimony would support a finding either way, and there was nothing shown in such finding, as claimed, that was manifestly wrong. The testimony amply supports the finding, and it will not be disturbed, and the assignments are overruled.

[5] The last assignment suggests as a fundamental error the judgment of the court in favor of appellees for the sum of $534.60, being amount earned by appellees on account of rentals received on equipment not purchased by the government, because no relief was prayed for it. The finding of the court complained of is that, under the contract with the government, it was to pay rent for such equipment used in the work that the government did not take over by purchase, and $534.60 represented such rent as was due appellee for the use of their equipment. The pleadings set up very fully the facts and grounds upon which relief is sought, the effect of which suit is a partnership settlement, and attaches to their pleading as a basis and part thereof the full contract of the government, the legal effect of which is as though the terms and obligations thereof had been written fully in the face of the pleading itself. It is shown the general relief sought and the prayer of the petition, though not very full and satisfactory, is sufficient here for "general and special relief," and to administer justice.

The facts showed the total amount collected on appellees' equipment was $5,734.60. The court allowed the undisputed item of $5,200, the rental value of the equipment taken over by the government under the contract. It was undisputed that $534.60 was received by appellants as rentals on the equipment supplied by and belonging to appellees, to which they were entitled under the agreement.

[6] It does not appear anywhere that appellants made or preserved in the record any objection at the time, but obviously acquiesced therein, and hence cannot now, here, for the first time, raise it as a fundamental error. It is not such, however, under the state of this record. The pleadings and undisputed evidence show this amount to arise and grow out of the settlement of a partnership transaction, and clearly, under such state of facts, in connection with the prayer for general and special relief, the court was authorized to apply the firm assets in the final decree to the payment of partnership debts and any balance that may be found to be due, from the evidence, between themselves to any partner's claim therein.

Having carefully considered the evidence, we find the same supports the findings and judgment of the trial court; hence the assignments are all overruled, and the judgment is affirmed.